UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CHARLES MCKINLEY,

        Petitioner,                      Case No. 1:15-cv-862

v.                                              Honorable Janet T. Neff

DEWAYNE BURTON,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Following a jury trial in Calhoun County Circuit Court, Petitioner Matthew Charles McKinley was convicted of malicious destruction of property over $20,000, Mich. Comp. Laws § 750.377a(1)(a)(i), larceny over $20,000, Mich. Comp. Laws § 750.356(2)(a), and inducing a minor to commit a felony, Mich. Comp. Laws § 750.157c. He was sentenced to concurrent prison terms of 12 to 25 years on each count and was ordered to pay restitution in the amount of $158,188.44.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, which vacated the conviction for larceny over $20,000 due to lack of sufficient evidence. *See People v. McKinley*, No. 307360 (Mich. Ct. App. May 16, 2013) ("MCOA Op."). Petitioner subsequently appealed to the Michigan Supreme Court, which granted leave to appeal the validity of the restitution order. It then reduced the restitution order to $63,749.44 and remanded for resentencing. Petitioner was resentenced on October 27, 2014, to concurrent prison terms of 8 to 25 years for the two remaining convictions and ordered to pay restitution in the amount of $63,749.44.

Petitioner timely filed this action in August 2015, raising the following grounds for relief:

    I.    DID THE TRIAL COURT ERR IN REFUSING TO SUPPRESS EVIDENCE SEIZED FOLLOWING A WARRANTLESS SEARCH OF [PETITIONER]'S HOME IN VIOLATION OF THE FOURTH AMENDMENT AND ITS ANALOG UNDER THE MICHIGAN CONSTITUTION?

    II.    DID THE TRIAL COURT ERR IN REFUSING TO HEAR TESTIMONY RELATING TO THE ILLEGAL ARREST AT THE WALKER HEARING?

    III.    WAS THERE A CONSTRUCTIVE ENTRY BY SHOW OF AUTHORITY WHEN POLICE OFFICERS STRATEGICALLY POSITIONED

THEMSELVES AROUND [PETITIONER]'S HOME AND WAS THE SUBSEQUENT IN-HOME ARREST ILLEGAL?

(Mem. in Supp. of Pet., docket #2, PageID #21.) Petitioner contends that these issues were raised in his appeals to the Michigan Court of Appeals and the Michigan Supreme Court.

## Discussion

**Grounds I. & III.  Warrantless Search & Seizure**

Petitioner asserts two claims based on the Fourth Amendment. In Ground I, Petitioner contends that the trial court erred when it refused to suppress evidence obtained as the result of a warrantless search of Petitioner's property. In Ground III, he asserts that the police illegally arrested him without a warrant. The relevant facts are summarized in the appellate court's opinion:

> In January 2011, the Battle Creek Police Department (BCPD) began investigating the theft of several commercial air conditioning units. Officer Robert Cipcic and Detective Michael Wood were separately investigating the case. At one point, Cipcic informed Wood that he had a female suspect, but he had been unable to locate an address for her. Using a different spelling of her last name, Wood searched the BCPD database and discovered that she had been arrested for driving with a suspended license. The address associated with the offense was 81 North Union Street, Battle Creek, Michigan. That was defendant's residence.
>
> Wood went to 81 North Union Street with Officer James Tuyls and approached the home's back door, which appeared to be the primary entrance. As he was walking, Wood observed some condensers and casings that appeared to be from commercial air conditioners. The condensers and casing were lying in the vicinity of defendant's pickup truck and were in plain view as Wood walked to the back door. Wood knocked on the door and was greeted by the female suspect. Wood identified himself and explained that he was investigating some larcenies of air conditioning units. Wood then asked the woman if he and Tuyls could come inside. She agreed.
>
> Once inside, Wood asked the woman if she lived at the address. She said that she did and explained that she was defendant's girlfriend. The woman denied that defendant was at home. Shortly thereafter, an officer outside the home yelled that he saw movement coming from a second floor window. Wood asked the woman if defendant was upstairs, and she nodded her head and pointed upstairs. At this point, Wood asked the woman for permission to search the house, and she gave her consent. While searching the main floor, Wood noticed two bolt cutters next to the stairwell

> leading to the basement. In the basement, Wood observed bags of copper pipe and "covered wires and motors and condensers and other parts which . . . appeared to be from the inside of . . . several different air conditioning units and other machinery."
>
> Wood determined that there was nobody else in the house and there was no other way for defendant to get downstairs. The officers then went upstairs and took defendant into custody. After defendant was apprehended, Wood went back to the police station and obtained a search warrant for defendant's house. Wood included the items he observed both inside and outside the house in the warrant affidavit.

(MCOA Op. 1-2.) The state court rejected both of Petitioner's Fourth Amendment claims. (*Id.* at 6-7.)

Plaintiff's Fourth Amendment claims are not subject to review in these proceedings. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494-95 (footnotes omitted). Consequently, the state prisoner must show that he was denied an opportunity for a full and fair litigation of his claim at trial and on direct review. *See id.* at 493. An opportunity for a full and fair litigation means "an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). "[O]pportunity means opportunity . . . the state court need do no more 'than take cognizance of the constitutional claim and render a decision in light thereof.'" *Id.* at 638 (quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977)).

In *Good*, the Sixth Circuit determined that the petitioner's Fourth Amendment claims were barred by *Stone* because he had presented them in a suppression motion in state court and in his appeal. These opportunities sufficed to preclude review of his Fourth Amendment claim through

a habeas corpus petition. *Id.* at 640. Similarly, Petitioner filed a motion in trial court to suppress the evidence obtained from his property; this motion was denied following a suppression hearing. On appeal, Petitioner challenged the legality of the search and the legality of the arrest, and the court of appeals rejected both claims. (MCOA Op. 6-7.) As in *Good*, these opportunities sufficed to preclude review of his Fourth Amendment claims. Consequently, Grounds I and III are barred to the extent that they are based on the Fourth Amendment.

Petitioner asserts that Ground I is also based on the Michigan Constitution. A violation of state law is not an adequate basis for a bringing claim under § 2254, however. The extraordinary remedy of habeas corpus is available only for a violation of the Constitution. 28 U.S.C. § 2254(a). It is not available for a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Consequently, for all the foregoing reasons, Grounds I and III of the petition do not raise meritorious grounds for relief.

### Ground II. Adequacy of Suppression Hearing

In Ground II of the petition, Petitioner asserts that the trial court erred when it refused to hear evidence regarding the legality of his arrest at the suppression hearing. On appeal, the Michigan Court of Appeals determined that such evidence was properly excluded because it was not relevant. Petitioner's motion to suppress evidence was premised on the allegedly improper search of his home; it was not premised on his arrest. (MCOA Op. 7.)

Petitioner's claim is not cognizable in these proceedings. An inquiry into whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Further,

under the AEDPA, the court may only grant relief if Petitioner is able to show that the state court's ruling was contrary to or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Petitioner cannot meet this difficult standard. The Supreme Court has never held that an evidentiary hearing is required for a suppression motion, let alone that the state court must consider certain kinds of evidence at such a hearing. *See Good*, 729 F.3d at 640 (noting that the petitioner cannot identify any "Supreme Court holding establishing that the Due Process Clause *ever* requires an evidentiary hearing on a Fourth Amendment suppression motion").

Moreover, Petitioner identifies no error in the state court's factual determination that evidence regarding his arrest was not relevant because his motion did not concern his arrest. A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981). Petitioner has not satisfied his burden of showing that the state court's finding was incorrect. Consequently, Ground II of the petition is without merit.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  September 24, 2015                                /s/ Janet T. Neff
                                                          Janet T. Neff
                                                          United States District Judge